David K. Yamakawa, Jr. (argued), San Francisco, Cal., for appellant.

Alan H. Friedman (argued), Asst. U. S. Atty., Robert L. Meyer, David R. Nissen, Chief, Criminal Division, George

G. Rayborn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and CONTI, District Judge.

PER CURIAM:

The judgment of conviction in this Dyer Act case is affirmed.

On the particular record here we find no error in denying a subpoena of a distant witness, in denying a subpoena for telephone company records in Florida, or in denying the appointment of an investigator. We find the *Miranda* (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694) point without merit. *See* United States v. Hilliker, 9 Cir., 436 F.2d 101, decided December 11, 1970.

Other points not here mentioned we find without merit.

## Robert Edward William COWLING, Appellant,

v.

## Warden Walter E. CRAVEN and the People of the State of California, Appellees.

### No. 22141.

United States Court of Appeals, Ninth Circuit.

Jan. 26, 1971.

Nelson P. Kempsky (argued), Deputy Atty. Gen., Evelle J. Younger, Cal. Atty. Gen., Sacramento, Cal., for appellant.

Robert Edw. Wm. Cowling (argued), in pro. per.

Phill Silver, Hollywood, Cal., for appellees.

**420**

Before JONES,[*] HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

The district court granted Robert E. W. Cowling, a prisoner of the State of California, a writ of habeas corpus. The warden appealed. In an unreported order we remanded the cause to the district court to make findings of fact and conclusions of law on two issues, and then to retransfer the cause to this court.

Instead, the district court granted the warden's motion to dismiss the cause. This was done on the ground that Cowling may be able to get his state appeal reinstated because he was denied counsel on appeal and, in the reinstated appeal, he may obtain a favorable ruling on a search and seizure question in view of a substantial recent change in California law on the subject. Cowling appeals from the order of dismissal and so now appears here as appellant rather than in his original role as appellee.

We have considered all of Cowling's arguments on appeal and some of them are not without difficulty. However, in view of the unusual circumstances of this case we are unwilling to disturb the district court order. It may offer Cowling a more substantial prospect of release or retrial, than to go forward with the original appeal.

It perhaps would have been better had the district court applied to this court for leave to thus depart from our specific directions on remand. But, in view of the protracted history of this case, we are not disposed to make an issue of this now. A determination on the merits as to whether Cowling should be released from custody, or at least be retried, will be expedited if he will proceed promptly with the warden's suggested state remedy of applying for reinstatement of the state appeal.

Affirmed.